The first case set for oral argument this morning, September 24, 2018, is case number 18-6001, N. Ray Richard Michael Heyl et al., Stephen Conway et al. v. Richard M. Heyl. Are the parties ready to proceed? Yes, we are, Your Honor. All right. Mr. Fondren? Good morning, Your Honor. May it please the Court? You have a little piece of new information that was not in my brief. In the Missouri State's consent order on paragraph 9, it states that the respondents agree, and that's Heyl, to not take any action or make or permit any public statement creating the impression that this order is without factual basis. So he can deny liability all he wants, but that does not preclude or even diminish the fact or in any way, shape, or form that this order was based on a factual basis. In fact, in their paragraphs 14, that they find that Heyl was not a registered agent. In paragraph 15, that the clause itself, the securities were not registered or exempt. And in their permanent injunction, which you don't impose somebody or enjoin somebody without there being a factual basis, he is forever barred from selling securities without a license to selling securities or omitting or material facts, which is the fraud involved that he did or engaged in conduct that would be fraudulent or deceitful. So basically, he comes under A-19-a-i, that he committed securities violations, and I-i, that he committed fraud in the sale thereof. So he falls squarely within the statute language itself, the intent of the statute that securities laws or violations would be non-dischargeable. It is a very broad and has been interpreted to be broad, not a narrow interpretation as the other exemptions are. So your brief raised a whole bunch of issues. Yes, sir. Tell us what you think is your best argument. What are you relying on? The best argument is that this is a different transaction that took place three years before the second transaction. The first transaction of this case took place in 2004. The second transaction that was involved with the 2010 case took place in 2007. The 2007 case was strictly the valuation of another company, JFOV, which stands for John Folley. I'm sorry. I've been using the initials so long I forgot what they meant. Just use the initials. It's John Folley twice. But basically it was the valuation of John Folley's, their points, and what they were worth to transfer the funds from Heil Properties to JFOV. In this case, this was the original sales of the securities of Heil Properties themselves back in 2004. And it was basically that they were unsecured. I mean, not unsecured, but they were unregistered. They were not exempt. And that Mr. Heil himself was not a licensed broker and authorized to sell these securities. Because the two sections have different requirements, different elements, different damages, they're completely different. They're independent from each other. To say that you lose on one is, you could have different counts and you could lose on one count but still win on another count. We just separated it into two different trials. That's all we did. Why? Because the consent order was not issued until, I think, 2015. So that cause of action didn't even exist when they filed their case in 2010. And since there is no statute of limitation, there's no bar from actually bringing it in at any time. There were cases where people brought their cases 20 years after the bankruptcy was over. And there is no problem with that whatsoever. Okay. All right. And the problem we had here in the bankruptcy court is this case was still in the preliminary stage. It was just a motion to dismiss. We hadn't done any discovery. An answer wasn't even filed. And basically the court did not inquire into the true nature of the debt. The case law is pretty clear that the bankruptcy court is required, as a duty, to focus on the conduct in which the debt originally rose. The debt originally rose back in 2004. What debt? Pardon? Define debt for us, please. The debt would be the investments that both of the plaintiffs made to the defendant on investing in his business, Ohio Properties. That would be the debt. Okay. And you believe that debt's established by the consent order? Yes, sir. How? That would be part A. Your clients are not even mentioned there in any way. It offers no award for them, no judgment, no dollar amount. That is correct that they're not mentioned because the state of Missouri, like many other states, redacts the identity of the complainants for whatever reasons the states feel. Well, they specifically refer to your client as MR, a 55-year-old resident of Missouri. That obviously doesn't apply to the other entities. Well, that's not true. The complaint cover sheet is only a one page. They don't give you a lot of space, and it's only room for one person to fill out their information. I'm not talking about that sheet, which wasn't part of the record. I'm talking about the consent order itself. Well, it still just refers to the general MR. But it refers to that person as a 55-year-old individual. But I, and elsewhere in my brief, I explained that it shows that LORCON was, it couldn't have been excluded because it refers to all the things that LORCON was participating in that the consent order. You're assuming that the Missouri Securities Commission knew that. Well, otherwise we're assuming that it didn't. Well, let's get to the subpart B issue. To me, that's the more problematic one from your standpoint. I guess we're sort of on that. How does this debt result from the order when your clients are not mentioned, other than Mr. Conway, when there's no award given, there's no remedy provided, there's no damage amount ascertained? Well, let's take the damage one first because in subparagraph I, it says that any order, consent order, and so on and so forth. In I-I-I, it says that any amount for a judgment order or a settlement or something like that. If you require I to have a judgment amount, then I-I-I becomes superfluous and doesn't matter. Additionally, the state statute provides for a private cause of action. If you require that the consent order has to have a judgment, then the private cause of action also becomes superfluous. It doesn't need to be there. Well, I don't see how that follows. We're talking about two different things. One, whether there's a claim, and second, whether it meets the requirements of 523A19. Well, since there does require a damages in I-I-I, you don't need it in I, which doesn't require it. It just says any order or consent order. So any means any. But there's got to be some sort of causal connection, does there not, between the order and the claim? That's what results from means. Well, that's where the claimants come from. They filed their complaint with the Secretary of State, and it was based on the factual findings. How about the Tradex case that's cited in your opponent's paper? That seems to be pretty much on point and-and supports their position, it seems to me. I don't remember the facts of the Tradex. Can you refresh my memory? Probably not. It's just that I recall that that seemed to be a persuasive case to which you didn't really respond. Okay. I thought I responded to all the cases, but I apologize if I didn't. I thought I did, but I don't recall seeing that. I don't recall the facts of the case. I'm sorry. As for the redaction, I think the redaction is clear that the-because they use an MR, which means Missouri resident. In Ohio, they use an OR. And in some of the cases, we had several cases where the cease and desist order was 15 different complaints. None of them were listed, and none of them were identified in any way, but all of them had the right to have their debt non-discharged. So there was plenty of cases saying that you don't have to identify the people in the consent order for that to be effective. We know who the complainants are, and we-and there was never a question during the-in the motion dismissed that both Lorcan and Mr. Conway himself were both complainants. There was never an issue until the dismissal order. At least I don't think it was. What's your response to their argument that A-19 is not satisfied by the consent order because there were no admissions and no determinations made, it was merely a settlement, and that the Tillis case that they cite seems to be one of the primary ones that says that? What's your response to that argument? Well, the lack of admission is, like I said when I first opened up, is not bearing on whether there's a factual basis for the state of Missouri to find that he violated securities laws. In fact, in paragraph 9 of the consent order, it specifically says that the respondent shall not deny that these are based on factual doubting. How does that relate to our proceeding? Maybe that means he's in breach of that and the commission could do something. I don't think the commission enforces these motions or these orders whatsoever, except for the damages part. If they were to actually fine him or something like that, this just says that he agrees not to do that. I don't think there's a penalty against it. I don't know. It certainly tells him, and he signed it with that provision in there, he agrees to not deny that there's a factual basis, and it's full of findings of fact and conclusions of law that it was based on factual findings, including an interview. I mean, paragraph 28 has all of Mr. Heil's statements himself, admitting that he did not sell securities that were registered and that he wasn't licensed to sell them. He admitted it on the record. I'm out of my time. Unless you have questions, I'm going to reserve the remainder of my time. Thank you. Apparently there are no further questions. May it please the court. My name is Robert Eggman. I'm one of the attorneys representing Mr. Heil. To my left is my co-consult, Becky Eggman. We're with the law firm of Carmichael PC. It's been a long odyssey. It's our second trip to this court with these two litigants, starting with the bankruptcy case filed in 2009, which resulted in an adversary proceeding filed in 2010, which was tried in the Honorable Kathy A. Surratt States, the chief judge in the United States Bankruptcy Court for the Eastern District of Missouri. That case was tried in a full day, and extensive findings of fact and conclusions of law were entered by the judge. No appeal was taken in that case, and Mr. Heil was the successful party. While no appeal was taken from the actual adversary proceeding itself, there was a motion for relief from judgment that was filed about 364 days after the entry of Judge Surratt's judgment. So does that case have anything to do with this one? It absolutely does. You know what it gets to? It gets to causation. This is the crux of what Judge Renlund hit upon in his order on several different occasions. But causation has nothing to do with A19, does it? Absolutely it does. If you look at Tradex, and if you look at a case that was decided last week, in fact, Judge, Judge Baer of the Northern District of Illinois decided the N. Ray Horlbeck case under 523 A19 on the 18th of September, and she cites with authority and approval the Tradex case. Talks about it in great detail. Okay, but the issue on Tradex is the results from language, right? Sure. We're talking about a different issue now. Right, but there also is causation, which is discussed in Tradex and also discussed in Horlbeck, where causation, there has to be a correlation between the violation or fraud and the damages sustained by the complainant. But didn't the first case only deal with the second set of representations dealing with how many points needed to be, how much money needed to be paid for a point in this new venture? No, it did not. Are you sure? I am sure. And the reason why is because if you look at that first case, you'll note that it talks about the intervening action which caused the loss. If that intervening action would have been something related to the first transaction, the judge would have stated that, but the intervening action was not. It was the collapse of the real estate market that took place approximately 10 years ago, and that's what the testimony was. All that has to be proven to get a remedy under the Missouri Securities Act for sale of unregistered securities, that the securities were unregistered, there was no exemption, and he bought them, right? That's absolutely true. There's no representation that has to be made, and there's no causal element in terms of reliance upon the representation. Reliance is not necessary. Correct. However, that's not 523A19. You need some causation. You need the for element. You need the results from element. We're not talking about what it takes under the Missouri, to hold one liable. Sure we are, because that's the predicate for the A finding. It's the predicate for the A finding under 4, but there still has to be a debt arising for the violation itself, which is not the case here. If you look at the consent order, there's no mention of any debt in there. There's just a mention of an investment loss, as Judge Rendon pointed out. Well, but the Missouri consent order does make a finding that he sold unregistered securities. Does it not? It does indeed. That's how it takes it. However, there's also a statement in it that states that these were facts and law for the sole purpose of settling, and there's been at least a couple of cases which we indicated in our brief say that that takes it out of the realm of race judicata, collateral estoppel, and an actual finding under the for element. How do you address counsel's argument that essentially the issue can't be raised because the consent order has language in it that Mr. Howell can't contest the consent order that he raised earlier this morning? Well, first, it doesn't actually go that far as he would indicate that you can't contest it. It talks about the facts and the facts alone, and he has not taken any action to deny any facts whatsoever. The question here is legally whether or not the consent order satisfies the for element and the results from element, which it satisfies neither. It also is a question of whether Mr. Conway has any standing because Mr. Conway is the only party who is presumably mentioned in that consent order. That consent order references MR, a Missouri resident, 55 years old. We can probably guess that that's not Loracon LLC number one. Both this court, and again, Judge Saladino was on the panel, and the United States Court of Appeals for the Eighth Circuit has already concluded that Mr. Conway has no claim against Mr. Howell. I don't believe the court made such a finding. Where is that in the Eighth Circuit opinion? The Eighth Circuit opinion is... And it couldn't have made a finding that he had an A-19 claim because only the A-2 claim was in front of him. Only the A-2, but certainly the A-19 claim could have been in front of them. But it wasn't. You're asking us to find the Eighth Circuit actually determined that there was no claim. I do not see that in the Eighth Circuit opinion. The Eighth Circuit concluded that the debt belonged to, or the debt was owed to Loracon LLC. The Eighth Circuit simply observed that that was the party that filed the proof of claim and that Conway appeared to be simply trying to enforce that. It did not hold that he did not have a claim. It does not seem to me. If you can cite me the language, I'll be glad to look at it again. Well, Your Honor, it's a standing case, and the standing cases are pretty straightforward on appeal where it comes to you must possess a pecuniary interest in the outcome of litigation, and both courts concluded that Mr. Conway did not. I think it can be inferred that since he did not have a pecuniary interest in the outcome of that litigation that he did not have a claim, and the claim was owned by Loracon LLC, number one. Otherwise, he would have a pecuniary interest. He attempted on several occasions to this court and to the Court of Appeals to demonstrate that pecuniary interest and failed in that regard. So if he doesn't have a pecuniary interest in the outcome of litigation, in my opinion, I interpret that as having no claim or no debt. Otherwise, he would. Except that the A-19 wasn't in front of the courts at that time, was it? No, it wasn't, Judge, but let's talk about that. The A-19 claim should have been in front of the court at that time. How could it have been? Because they were aware that there was a sale of some sort of security, as you can tell by the transcript and the 2010 adversary proceeding. They very well could have raised as a second count A-19. And had that happened, we could have gone in one or two directions. Mr. Conway would like the court to believe that the case law is settled that says that a different tribunal must determine an A-19 claim before it comes to bankruptcy court. And that's simply not the case. First off, there's a split of authority. And second, as I say, last week, Judge Baer said the statute's very clear. Under Ron Parr, it's clear that it could be this tribunal that decides that claim. So we could have gone into either one of two directions here with Judge Svratis. The plaintiffs could have alleged A-19, asked for relief from stay, to go see the Missouri Secretary of State and have the Missouri Secretary of State make their findings. And at that point in time, the court could have come back to the adversary proceeding and tried it at that time. They chose not to ever bring up A-19. Why that's not the case, I don't understand. But that claim certainly was around back in 2010 and 2009 when the bankruptcy case was filed. Okay, so that was a good argument as to why they should have brought it up. But why are they precluded from bringing it up in a separate action? Because they should have brought it up. And that's another one of the seven bases for the dismissal under 12B-6. So you believe it was a mandatory cause of action as opposed to they could elect to do it separately? Absolutely. Why would it be mandatory? Because first off, it's in the interest of judicial economy. Second, the parties sought to be precluded are the exact same parties, Lorcan LLC-1, Mr. Conway, and Mr. Heil. In both cases... Well, only two of them were parties to the prior adversary proceeding, correct? No, Your Honor. It was the plaintiffs in the first adversary proceeding were Lorcan LLC-1 and Mr. Conway. And we have four now. Right. Lorcan 4 was not in that proceeding. Lorcan 4 was not in there, but Lorcan 4 has been dismissed and has not appealed. Lorcan 4 certainly could have been part of that adversary proceeding or should have been if they thought they had a claim against Mr. Heil at that time. But when they decided to load their guns and bring an adversary proceeding, they should have fully loaded. It's not the fault of the court or the fault of Mr. Heil that they decided to come up with this cause of action at bankruptcy court, the bankruptcy appellate panel. Did you make this argument below? The trial court did not predicate its ruling on race judicata. It was one of the issues. I think it was number seven, if I recall correctly. They did bring up race judicata, and we did. In fact, we focused most of our brief on race judicata, quite frankly. The court went in their own direction and did a little more focus on the four and the results from where we were hammering pretty much on our motion to dismiss on almost entirely race judicata, first delving into the issue of whether it was litigated and the second issue of whether it should have been litigated. So we hit both ends of the race judicata standard. If the Eighth Circuit hasn't determined whether there has to be a proceeding before a separate type of court in order to bring in a 19 cause of action, here, wouldn't that mean that race judicata would not apply? I mean, is there any settled case law in the Eighth Circuit with regard to whether or not there has to be determination by a separate tribunal? There is no Eighth Circuit law, but I would ask you to look at the statute. And I would remind the court, it seems time and time again as we as bankruptcy practitioners head up to the Court of Appeals, head up to the Supreme Court, and the Supreme Court has a common theme for us bankruptcy lawyers. Read the statute before you come and visit us. If it's clear and unambiguous, it's clear and unambiguous. Whether it be that an attorney can't be compensated for services rendered from the estate in a Chapter 7, or whether like the Henhouse case, a creditor can't surcharge when the statute says a trustee can. Look at the statute. I'm still confused how race judicata could apply when the factual predicate for case number one, Judge Surratt State's case, was what I would call the second representations. The second set of representations involved how much it costs to invest in this new entity. The first set of representations was the initial investment, which I think is what counsel is arguing is involved in the A19 case. And I don't think the initial investment was, or tell me if I'm wrong, please, but the initial investment was not addressed by Judge Surratt State's, was it? It was addressed in the finding of the fact. It was not necessarily an element of the fraud. We started, because it was tried, we started with the very beginning of the relationship by how Conway and Heil met one another, how the initial investment came about, what happened to Heil Partners, and what happened to that subsequent investment. But the representations, the misrepresentations or the fraud or whatever was being tried in that case was not the initial investment, was it? That was actually not the allegation, the complaint. But, Judge, race judicata not only bars a court from relitigating issues that have been litigated in a cause, but also bars a court from litigating or relitigating issues that may have been litigated. Not had to have been litigated, may have been litigated. And certainly, since we started from the beginning of time between these two parties, there's no reason why the initial investment could not and most certainly should not have been litigated in connection with the day-long trial we spent in 2011 on the 2010 adversary proceeding. Certainly, these all arose, as Judge Renlund determined, these all arose out of the same transactions and occurrences. So it was the initial investment in Heil Partners, which ultimately was partially flipped to the investment of JFOV. So we were talking about, for all intents and purposes, some of the same money here. Isn't there a difference in that the A2 claim has to have been brought before the bankruptcy court, whereas the other claim would not have to have been brought before the bankruptcy court? And I think that's actually a very good point. I think, quite frankly, had they not ever filed an adversary proceeding, all they did was go to the Missouri Secretary of State and they got their ruling and came back with A19, I think the race-chudakata argument fails them because they never brought an adversary proceeding. They never brought dischargeability. So they're worse off from having brought a claim? Absolutely. I think there's no question about it. They opened the door to dischargeability. They should have brought everything, and they chose not to. Now, that having been said, they still wouldn't satisfy the four or the results from Element, so they still lose. In fact, I want to, before you run out of time, ask you to respond to his argument that your interpretation of requiring something by way of a judgment or award renders a portion of the statute superfluous. I think you need to look no further than the statute itself, Judge, and the case law. And the case law says there has to be some causation between the alleged damages. I understand that, but you're also arguing there has to be something like an award or a judgment on behalf of his client. And he says that if you require that, then you make one surplusage because three specifically refers to a damage award. Agreed, Your Honor, but I also think there has to be some connection between the alleged debt and the party bringing the adversary proceeding and the party to the consent order. There's case law out there to suggest, and I think this probably goes a little too far, that a private individual doesn't have the right to bootstrap onto a state or federal type of consent order like this since they weren't a party to it. So while I agree that the Bankruptcy Court could make a damage award, but you still have to satisfy the four and the results from Argument. So if there was a finding, if this was tried and there was a finding that said Mr. Conway was damaged in the amount of $79,500 as a result of a securities violation, then I think that they could potentially have an argument putting aside the race judicata for just a moment. And I do see my time is up. Your time is expiring. Thank you, Your Honor. Thank you. Thank you, Your Honors. Now, twice Mr. Eggman said that – well, he didn't say it, but basically he was guessing. He didn't know what the facts were. He didn't know why the Secretary of State's office doesn't mention who's on the – do the redaction. Basically, guessing is not a basis for aid of defense and is not a basis for dismissing a case. We could have taken the deposition of the Secretary of State's office. They could explain their consent order, and they can explain who was actually the complainants. They can explain why there's a redaction involved. Same thing with speculation. Basically, it doesn't come into a defense. If the Tradex case is a result from – I do remember the Lunsford case from the 11th Circuit, and they go into a very long dissertation of what the result from explains, and it's basically they come down to the nut is it doesn't require further action on the behalf of the debtor to become liable under A-19. It's not a further requirement that he has to do something. The do something is in paragraph A already. There was a violation of securities laws. The result from just basically says an order was made after the – finding that he did do the securities laws violations. So if Tradex is saying something different or saying something different than Lunsford is disagreeing with, there's a split. And speaking of splits, saying that we need to read the statute is disingenuous because if there's a split with these judges who can read the statute and know very well what the statute says, and they are men of intelligence, of integrity, and they still split. Or women, as the case may be. I'm sorry? Or women, as the case may be. I apologize. I use it as a generic sense. I'm not going to say all 90 genders at this point. But basically that – so basically there's a reason to doubt it. I would say one way and the other person says the other way, but we can disagree. But that's why there is a split because there is a disagreement of what exactly that doesn't mean. Well, so what's your response to the race judicata argument? Mr. Eggman pushed that pretty hard. He says your clients should have raised that claim at that time. They could have raised the claim at that time and none of it barred. Well, first, the Supreme Court itself says that there's no rate judicata in discharge ability cases. Second, there's no statute of limitations. How can there not be? Well, it said so. It's the Supreme Court. They get to say so. In what case did the Supreme Court say that? It was Brown and Felsen that I decided. Or Brown is one case in itself. Felsen was approved. Brown versus Felsen is the case that you're talking about, I believe. Yeah. And then there was another case. It was Archer that quoted Brown. So they both said rate judicata. I think I put it in my brief. I'm not sure the cases say exactly what you're claiming that they say, but we'll go look at them. Okay. Well, maybe I misinterpreted. So the statute of limitations doesn't apply. A-19 is one of the self-executing provisions of discharge ability. My clients didn't have to file any lawsuit. They could just go into state court. They could get a judgment, and they could start collecting on it based on the right of- Okay, but his argument is that since you did choose to go into the bankruptcy court, and you raised a discharge ability issue, that you were obligated to raise all your discharge ability claims at that time. Well, it's a different transaction at a different time with different damages. But all the facts were in play before then, right? There's a continuity of facts, and it may look like there's just one transaction, but it is not. But in order to explain the entire case, you end up getting into all the facts. But Mr. Eggman was very familiar with the facts, and he was sharp enough, and he knows bankruptcy well enough that he filed an objection, and it was sustained keeping out the evidence of this transaction in 2004. But these were the first transactions, correct? Correct. These weren't something that happened after the transactions that were the subject of the first avoidance action? Right. Because this case didn't even exist. The cause of action didn't exist because the Secretary of State's office did not have a consent order. And the case in Reuter, the court said in dicta that if we actually had a case like this, we'd probably go along with requiring an out-of-state court or an out-of-bankruptcy court order as opposed to allowing the bankruptcy court to make that decision. And in the case in Arkansas, which I don't remember the name, they actually required an out-of-court or out-of-bankruptcy court order in order to do that also. So it seems like the Eighth Circuit is trending or kind of leaning towards requiring an out-of-bankruptcy court requirement as opposed to going along with the other side. Rejudicata also doesn't apply because you can win some and you can lose some, even if they had brought that case at that time. We could have lost on A2 and won on A19. In fact, in some cases, like Sado, they won on both. I'm out of time. Can I finish? You can finish your thought. And Sado, the plaintiffs won on A2 and A19 on the exact same transaction. So they were allowed that. Other cases where they say you can win on A19, we're not even going to look at the rest of them because it doesn't matter anymore because we're giving you everything you want in A19. That is the equivalent of losing on the other one. So I don't think rejudicata would apply, even if we could have brought the case back then, but it certainly doesn't apply because we weren't required to, and the cases also say that, too. Thank you for your time, judges. Thank you. All right. Thank you. The next case for oral argument is 18-6011, N. Ray Richelle Page v. National Collegiate Student Loan Trust, 2006-1.